**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CHARLESA FLATTEN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:23-cv-0197-JRG-RSP |
| | § | |
| JIM FURASH, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**REPORT AND RECOMMENDATION**

Before the Court defendant Jim Furash moves for dismissal for want of personal jurisdiction, for failure to state a claim, and in the alternative for failure to state a claim against AmeriHome Mortgage Company LLC through Jim Furash as CEO. Dkt. No. 11. For the following reasons, the motion should be **GRANTED**.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.' " *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In this foreclosure action, *pro se* plaintiff Charlesa Flatten filed a complaint against Jim Furash as CEO of AmeriHome Mortgage Company to prevent the foreclosure of the mortgage on her real property in Marshall, Texas. Jim Furash first moves to dismiss claims against him in his personal capacity for want of personal jurisdiction.

Personal jurisdiction exists when the forum state's long-arm statute covers the defendant, and the exercise of jurisdiction is consistent with due process. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d

1

602, 609 (5th Cir. 2008). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id.* (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).

To establish due process, the defendant must have minimum contacts with the forum state, which can create specific or general jurisdiction. *Id*. Specific jurisdiction exists when the nonresident defendant has a single or sporadic contact with the forum state "only *if* the cause of action asserted arises out of or is related to those contacts." *Id*. (quoting *Int'l Energy Ventures Mgmt, LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016) (emphasis in original). General jurisdiction exists only if the defendant has "continuous and systematic" contacts with the forum state, requiring a showing of extensive contacts. *Id*. at 101-02.

Flatten's complaint alleges that Furash is abusing his position and in bad faith attempting the wrongful foreclosure of the subject property. Otherwise, the complaint does not allege that Furash has any contact with Texas. In the instant motion, Furash claims to have no contacts with the Texas but for his position as CEO of AmeriHome. Flatten responds "invoking the first table of Equity" to reach Furash. However, the adoption of the Federal Rules of Civil Procedure merged the courts of law and equity. There is no longer a procedural difference between the two. *Ross v. Bernhard*, 396 U.S. 531, (1970). Pursuant to those rules, Flatten has not demonstrated sufficient support for this Court to exercise personal jurisdiction over Furash. The record shows that he is a resident of California, where Mrs. Flatten caused him to be served with process.  Dkt. No. 5. Accordingly, there is no need to determine whether Flatten has otherwise stated a claim against Furash, since he is beyond the jurisdiction of this Court.

However, because courts are obligated to liberally construe *pro se* claims, *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019), the Court will proceed as if Flatten filed suit

against AmeriHome Mortgage Co. and address the motion to dismiss as it alternatively seeks dismissal of the claims against AmeriHome.

Flatten provides mere allegations regarding a deed of trust, assignment of a lien, and unlawful foreclosure without any documentary support. Defendant cures this deficiency by means of the exhibits attached to the instant motion. The Court's review includes both the contents of and attachments to the pleadings and any documents attached to a motion to dismiss that are referred to in the pleadings and central to the claims. *Dave v. O'Carroll*, No. 22-40653, 2023 WL 2983567, at *2 (5th Cir. Apr. 18, 2023) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)). "If the allegations contradict any pleading exhibit, the exhibit controls." *Id*. (citing *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004)).

As discussed more thoroughly in the Report and Recommendation addressing Flatten's motion for preliminary injunction, Dkt. No. 20, and equally supported by the exhibits to the instant motion, Flatten signed a note payable to Pacific Lending LLC and a deed of trust in exchange for the subject property. The note and deed were assigned to AmeriHome. Flatten then paid on the first installment but failed to pay thereafter resulting in a notice of default dated July 18, 2022. Then on April 14, 2023, AmeriHome's agent Marinosci Law Group sent Flatten a notice of acceleration of maturity and notice of non-judicial foreclosure sale set for June 6, 2023, by certified mail with return receipt. This action was filed on May 3, 2023.

Flatten's response, in addition to prayers in equity, claims that Amerihome's is "attempt[ing] to Deprive [sic] Plaintiff of her rights under the 14th amendment due process clause by taking away her Trust property without civilian due process of law," and seeks denial of the instant motion to dismiss to "allow the case to proceed as the arguments put forth and the rebutted prima facia evidence presented demonstrate that dismissal is unwarranted." Dkt. No. 16 ECF pp

1-2. The filing of this suit provided Flatten an opportunity to dispute the process, but Flatten has yet to present the Court with any evidence that suggests the wrongful disclosure of the subject property. Instead, she has filled the record with nonsense apparently drawn from old English courts of equity. E.g. Dkt. Nos. 9, 13, 23, 26, and 28. In the absence of such evidence, Plaintiff has alleged no plausible basis to enjoin AmeriHome Mortgage from exercising its right to foreclose. See TEX. PROP.CODE § 51.0025; *Reynolds v. Bank of Am., N.A.*, 3:12–cv–1420–L, 2013 WL 1904090, at \*8 (N.D.Tex. May 8, 2013); *Johnson v. Wells Fargo Bank, NA*, 999 F.Supp.2d 919, 927 (N.D. TX 2014).

Accordingly, it is the RECOMMENDATION of the undersigned that the motion, Dkt. No. 11, be **GRANTED** and that this action be dismissed with prejudice.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 13th day of June, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE